UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO. 6:24-cr-52-RBD-EJK

JOANNE HAMLET

## **PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Roger B. Handberg, United States Attorney for the Middle District of Florida,

and the defendant, JOANNE HAMLET, and the attorneys for the defendant,

Kevin J. Napper, Esq., and Daniel H. Goldman, Esq., mutually agree as

follows:

### A.   **Particularized Terms**

1.   Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and Ten

of the Indictment.  Counts One and Ten charge the defendant with bank

fraud, in violation of 18 U.S.C. § 1344.

2.   Maximum Penalties

Counts One and Ten carry a maximum sentence of 30 years'

imprisonment; a fine of $1 million, or twice the gross gain caused by the

offense, or twice the gross loss caused by the offense, whichever is greater; a

Defendant's Initials _JH_

term of supervised release of not more than 5 years; and a special assessment of $100 per felony count. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

    3.    <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Counts One and Ten are:

<u>First</u>: The defendant knowingly carried out or attempted to carry out a scheme to defraud a financial institution or to get money, assets, or other property from a financial institution by using false or fraudulent pretenses, representations, or promises about a material fact;

<u>Second</u>: The false or fraudulent pretenses, representations, or promises were material;

<u>Third</u>: The defendant intended to defraud the financial institution or someone; and

<u>Fourth</u>: The financial institution was federally insured.

Defendant's Initials _JH_        2

4. Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts Two through Nine, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), the defendant agrees to make full restitution to the "Real Estate Corporation" referenced in the indictment in the amount of $573,400, which represents the actual loss in this case.

7. Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The

Defendant's Initials _JM_          3

defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

8.  Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the

Defendant's Initials J.H.          4

Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(2)(A), whether in the possession or control of the United States, the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the $573,400 in proceeds the defendant admits she obtained as the result of the commission of the offenses to which the defendant is pleading guilty. The defendant acknowledges and agrees that: (1) the defendant obtained this amount as a result of the commission of the offenses, and (2) as a result of the acts and omissions of the defendant, the proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence. Therefore, the defendant agrees that, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeit any other property of the defendant (substitute assets), up to the amount of proceeds the defendant obtained, as the result of the offenses of conviction. The defendant further consents to, and agrees not to oppose, any motion for substitute assets filed by the United

Defendant's Initials _JH_                    5

States up to the amount of proceeds obtained from commission of the offenses and consents to the entry of the forfeiture order into the Treasury Offset Program. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant additionally agrees that since the criminal proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence, the preliminary and final orders of forfeiture should authorize the United States Attorney's Office to conduct discovery (including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas), pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, to help identify, locate, and forfeit substitute assets.

The defendant also agrees to waive all constitutional, statutory, and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

Defendant's Initials _____     6

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and

Defendant's Initials _JH_                    7

USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this

Defendant's Initials JH                    8

agreement shall be determined as if the defendant had survived, and that

determination shall be binding upon defendant's heirs, successors and assigns

until the agreed forfeiture, including the forfeiture of any substitute assets, is

final.

**B.** **Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition

to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution

to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses

described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant

to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. §

3663, including restitution as to all counts charged, whether or not the

defendant enters a plea of guilty to such counts, and whether or not such

counts are dismissed pursuant to this agreement. The defendant further

understands that compliance with any restitution payment plan imposed by

the Court in no way precludes the United States from simultaneously pursuing

other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)),

including, but not limited to, garnishment and execution, pursuant to the

Mandatory Victims Restitution Act, in order to ensure that the defendant's

restitution obligation is satisfied.

Defendant's Initials $\underline{\text{JH}}$        9

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a cashier's check, certified check, or money order to the Clerk of the Court in the amount of $200, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

2.  Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.  Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials _J4f_          10

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United

Defendant's Initials _JH_          11

States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States

Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

    8.    Middle District of Florida Agreement

        It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

    9.    Filing of Agreement

        This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

    10.    Voluntariness

        The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges

Defendant's Initials _JH_            14

defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials __JM__          15

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __25__ day of May, 2024.

ROGER B. HANDBERG
United States Attorney

JOANNE HAMLET
Defendant

Sarah Megan Testerman
Assistant United States Attorney

Kevin J. Napper, Esq.
Attorney for Defendant

Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

Daniel H. Goldman, Esq.
Attorney for Defendant

Defendant's Initials __JH__                    17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


UNITED STATES OF AMERICA

v.                                              CASE NO. 6:24-cr-52-RBD-EJK

JOANNE HAMLET

PERSONALIZATION OF ELEMENTS


Counts One and Ten

Beginning in or about March 2016, and continuing through in or about

December 2022, in the Middle District of Florida:

First:      Did you knowingly carry out or attempt to carry out
            a scheme to defraud a financial institution or to get
            money, assets, or other property from a financial
            institution by using false or fraudulent pretenses,
            representations, or promises about a material fact?

            As part of that scheme did you deposit or cause to
            be deposited false and fraudulent checks at that
            financial institution on February 25, 2019, and
            February 28, 2020?

Second:     Were the false or fraudulent pretenses,
            representations, or promises material?

Third:      Did you intend to defraud the financial
            institution or someone?

Fourth:     Was the financial institution federally insured?


Defendant's Initials ⟋JH⟍          18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 6:24-cr-52-RBD-EJK

JOANNE HAMLET

## FACTUAL BASIS

Beginning in or about March 2016, and continuing through in or about
December 2022, in the Middle District of Florida, and elsewhere, the
defendant, Joanne HAMLET, knowingly executed and attempted to execute a
scheme and artifice to defraud a federally insured financial institution to
obtain money, funds, credits, assets, and other property owned by, and under
the custody and control of, the financial institution, by means of materially
false and fraudulent pretenses, representations, and promises.

The victim company was a State of Florida corporation with a principal
address in Winter Garden, Florida that engaged in business related to real
estate, timeshare sales, and travel services (the "Real Estate Corporation"). To
carry out the scheme, HAMLET deposited and caused to be deposited false
and fraudulent checks written from the Real Estate Corporation's Bank of
America account ending in 3139 into her JPMorgan Chase Bank account

Defendant's Initials ⟍𝓗              19

ending in 7693. Both Bank of America and JPMorgan Chase Bank were federally insured financial institutions.

More specifically, HAMLET worked for the Real Estate Corporation as an independent contractor. In this role, HAMLET had the ability to access some of the Real Estate Corporation's financial accounts, books of checks for those accounts, and a signature stamp for the Real Estate Corporation's owner. HAMLET was authorized to write and sign checks on behalf of the Real Estate Corporation for certain business-related purposes using the signature stamp.

However, between March 2016 and December 2022, HAMLET wrote unauthorized checks from the Real Estate Corporation's Bank of America account ending in 3139 payable to J.B., which HAMLET signed using the signature stamp of the Real Estate Corporation's owner and on the memo line of which HAMLET wrote information to make them appear business-related (the "fraudulent checks"). HAMLET then deposited or caused to be deposited those fraudulent checks into a bank account at JPMorgan Chase Bank ending in 7693, which HAMLET held and controlled.

Ten of the fraudulent checks that HAMLET wrote from the Real Estate Corporation's Bank of America account ending in 3139 and deposited into her

JPMorgan Chase Bank account ending in 7693 while HAMLET was in the Middle District of Florida are described below:

| Date of Deposit | Financial Instrument | Amount |
| --- | --- | --- |
| February 25, 2019 | Check number 2220 | $9,000 |
| June 19, 2019 | Check number 2298 | $4,500 |
| July 3, 2019 | Check number 2308 | $5,000 |
| July 8, 2019 | Check number 2309 | $3,000 |
| August 7, 2019 | Check number 2319 | $5,000 |
| December 23, 2019 | Check number 2390 | $3,000 |
| January 7, 2020 | Check number 2401 | $2,000 |
| February 10, 2020 | Check number 2426 | $8,000 |
| February 26, 2020 | Check number 2445 | $1,500 |
| February 28, 2020 | Check number 2450 | $3,000 |

In total, between 2016 through 2022, HAMLET wrote 352 unauthorized fraudulent checks to J.B. from the Real Estate Corporation's Bank of America account ending in 3139 that were deposited into HAMLET's JPMorgan Chase Bank account ending in 7693, totaling $573,400.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not

Defendant's Initials __JH__                21

include, nor is it intended to include, all the events, persons involved, or other information relating to this case.